UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------x
JESUS MIZQUIRI, on behalf of himself,
FLSA Collective Plaintiffs and the Class,

                Plaintiff,

-against-

MINOS CONSTRUCTION CORPORATION,
GEORGE KATSAMANIS, and JOHN DOE,

                Defendants.
----------------------------------------------------------x

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ SEP 18 2015 ★
BROOKLYN OFFICE

**MEMORANDUM AND ORDER**

14-CV-7008 (SLT)(VMS)

**TOWNES, United States District Judge:**

In a letter filed on behalf of all parties on August 12, 2015 (the "Letter"), plaintiff Jesus Mizquiri requests court approval of a settlement agreement compromising his claims under the Fair Labor Standards Act and New York Labor Law. Under the terms of that agreement—a copy of which is attached to the letter as Exhibit 1---defendant will pay $12,342 to plaintiff and $36,658 to plaintiff's counsel. In return, plaintiff will dismiss this action and will waive its right to bring other actions relating to his employment with defendants.

The Court, having carefully examined plaintiff's pleadings, the settlement agreement, and the parties' representations set forth in the Letter, finds the proposed settlement to be fair and reasonable. According to the amended complaint, filed January 29, 2015, plaintiff was hired by defendants on or about October 10, 2013, and worked for them until October 17, 2014—a period of only 53 weeks (Amended Complaint, ¶ 24). During that period, he allegedly worked from 6:45 a.m to 5:45 p.m., six days per week, and received a fixed daily salary of $150 per day (*id.*, ¶ 25). Plaintiff was provided with wage statements, but they did not list his wage rate and hours and failed to provide other information required by state law (*id.*, ¶ 29).

Plaintiff commenced this action on December 2, 2014, and amended his pleading on January 29, 2015. Plaintiff's amended complaint contains only two causes of action. In the first, plaintiff alleges that defendant failed "to pay overtime compensation at the statutory rate of time and one-half" to plaintiff (*id.*, ¶ 35). In the second, plaintiff alleges that defendants violated the New York Labor Law by (1) failing to pay overtime compensation or the spread of hours premium; (2) failing to provide wage and hour notices; (3) not providing a proper wage statement; and (4) paying plaintiff on a salary basis, rather than an hourly basis. The pleading demands, *inter alia*, an award of unpaid overtime compensation and the unpaid spread of hours premium, along with statutory penalties, liquidated and/or punitive damages and attorney's fees.

Throughout the course of this litigation, defendants have claimed that plaintiff (1) never worked more than eight hours a day, and (2) worked an average of five days a week. During the course of discovery, defendants provided evidence that convinced plaintiff's counsel of the latter, but not the former, claim. Accordingly, there continues to be a *bona fide* dispute over the number of hours worked, with plaintiff alleging that he worked eleven hours a day and defendants maintaining that he worked no more than eight.

The parties have now resolved this dispute by assuming that plaintiff worked 9.5 hours per day, five days a week. Based on this assumption, they have calculated that plaintiff is owed approximately $12,342 in back wages, liquidated damages and interest. This approach seems an eminently fair and reasonable way to resolve the *bona fide* dispute.

Although the attorney's fees also do not appear to be unreasonable in light of the fact that the parties engaged in discovery and some motion practice, the parties have not submitted contemporaneous time records or other documentation necessary to assess the fairness of the attorney's fees. However, the Court sees no need to pass on the fairness of the attorney's fees

under the circumstances of this case. As opined in *Archer v. TNT USA, Inc.*, 12 F. Supp. 3d 373 (E.D.N.Y. 2014), approval of FLSA settlements is required primarily, if not solely, to prevent employers and employees from conspiring to undercut the minimum wage. The amount of the attorney's fees in this case will not impact the amount paid to plaintiff.

## *CONCLUSION*

For the reasons set forth above, this Court concludes that the settlement reached by the parties to this action is fair and reasonable. The parties shall file a stipulation of discontinuance on or before October 2, 2015.

**SO ORDERED.**

/s/ Sandra L. Townes
SANDRA L. TOWNES
United States District Judge

Dated: September 17, 2015
Brooklyn, New York